UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JEREMY TEABOUT,

    Plaintiff,

v.   Case No.:

DISCOUNT AUTO PARTS, LLC,

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Jeremy Teabout ("Plaintiff"), by and through undersigned counsel, herby sues Discount Auto Parts, LLC ("Defendant") and in support of states as follows:

**NATURE OF ACTION**

1.  This is an action for monetary damages, costs, and reasonable attorney's fees to redress Defendant's violations of Plaintiff's rights under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"), the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101 *et. seq.* ("ADAAA") and the Family and Medical Leave Act, 29 U.S.C. §2601 *et. seq.* ("FMLA").

**JURISDICTION AND VENUE**

2. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. § 1331 and § 1343, as this action involves federal questions regarding the deprivation of Plaintiff's rights under Title VII, the ADAAA and the FMLA.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein, occurred in this district.

**PARTIES**

4. Plaintiff worked for Defendant in Hillsborough County, Florida and Pasco County, Florida.

5. Defendant is a Foreign Limited Liability Company.

6. At all times mentioned herein, before and after, the persons responsible for perpetrating discriminatory and tortious actions against Plaintiff were agents, servants, and employees of Defendant and were at all times acting within the scope and course of their agency and employment, and/or the actions were expressly authorized by Defendant and/or their actions were ratified by Defendant, thus making Defendant liable for said actions.

7. Plaintiff is considered an "employee" within the meaning of Title VII and the ADAAA.

8. Plaintiff is considered an "eligible employee" within the meaning of the FMLA.

9. Defendant is considered an "employer" within the meaning of Title VII, the ADAAA and the FMLA.

10. Plaintiff worked at least 1250 hours for Defendant within the twelve (12) months preceding his request for leave pursuant to the FMLA.

11. Plaintiff was employed by Defendant for more than twelve (12) months.

12. Plaintiff was employed by Defendant at a worksite with fifty (50) or more employees within 75 miles of that worksite.

13. Plaintiff has a serious health condition as defined by the FMLA.

14. Plaintiff is "disabled" as defined by the ADAAA.

15. Defendant knew of Plaintiff's disabilities and serious health condition during his employment.

16. Plaintiff was a "qualified individual" as defined by the ADAAA during his employment with Defendant.

## PROEDURAL REQUIREMENTS

17. Plaintiff timely dual-filed a charge of discrimination against Defendant with the Florida Commission on Human Relations ("FCHR") and the Equal Employment Opportunity Commission ("EEOC").

18. The EEOC issued a "Dismissal and Notice of Rights" letter on or about March 10, 2021 authorizing an action to be commenced within ninety (90) days of receipt of that letter.

19. This complaint was filed within ninety (90) days of receipt of the "Dismissal and Notice of Rights" letter.

**STATEMENT OF FACTS**

20. Plaintiff is a male.

21. Plaintiff began his employment with the Defendant on or about November 15, 2012 as a retail parts professional.

22. In or around 2019, Plaintiff was promoted to a commercial parts professional and his rate of pay was increased by four dollars per hour.

23. In or around July 2020, at store 7186, Plaintiff began to receive unwelcome sexual advances and from his general manager Rich Rivard ("Mr. Rivard"), male, and co-worker Matthew Coffey ("Mr. Coffey"), male.

24. For several months, Mr. Rivard would tell Plaintiff to "suck [his] dick", asked Plaintiff to come over to Mr. Rivard's house to, again, "suck [his] dick" and asked Plaintiff if he could "help [him] out" in the bathroom". Further, Mr. Coffey would routinely stick his fingers in Plaintiff's anus while Plaintiff was at the register with customers.

25. On at least one occasion, Mr. Coffey exposed his genitals to Plaintiff and then had Mr. Rivard handle Mr. Coffey's genitals in front of Plaintiff to simulate a sex act and asking Plaintiff if he wanted to join.

26. On or about August 12, 2020, Plaintiff filed a complaint regarding the sexual harassment to District Manager, Larry Hughes ("Mr. Hughes") and Human Resources.

27. No corrective action was taken.

28. On or around August 29, 2020, Plaintiff was retaliated against by Mr. Hughes wherein Plaintiff was issued an unsubstantiated Team Member Action Report.

29. In or around September 2020, Plaintiff was again retaliated against by Mr. Hughes in the form of a demotion and transfer to store 9438.

30. At store 9438, a friend of Mr. Rivard's, Chris (last name unknown) continued the harassment, by Chris telling Plaintiff that he was friends with Mr. Rivard and that he was going to make Plaintiff's life a living hell.

31. Further, Chris told Plaintiff that Mr. Rivard still wanted to "suck [Plaintiff's] dick".

32. Plaintiff filed a complaint with the general manager of store 9438, Ann De Grace, and Mr. Hughes but no corrective action was taken.

33. In or around October 2020, Plaintiff was again retaliated against by Mr. Hughes in the form of a transfer to store 9273 and the continued demotion.

34. At store 9273, the general manager Erich Schaafstall ("Mr. Schaafstall") continued to retaliate against Plaintiff by refusing to give Plaintiff the passcodes required to make sales.

35. The harassment and retaliation continued.

36. On or around February 20, 2021, Plaintiff requested ADAAA and FMLA leave to care for his own disabilities and serious health condition.

37. Plaintiff's disabilities and serious health condition were facet hypertrophy, left neural foraminal stenosis and disc bulge.

38. These disabilities and serious health condition substantially limit Plaintiff's ability to walk, stand, lift and ultimately work.

39. Plaintiff requested one week of leave.

40. Defendant improperly denied the ADAAA and FMLA leave request.

41. On or about April 20, 2021, Plaintiff was unlawfully terminated.

42. Plaintiff has satisfied all conditions precedent, or they have been waived.

43. Plaintiff has retained the undersigned the undersigned attorney and agreed to pay him a fee.

## CLAIMS FOR RELIEF

### Count I – Discrimination because of sex in violation of Title VII

44. All allegations prior to Count I are reallaged and incorporated herein.

45. Plaintiff's supervisor Mr. Rivard and co-worker Mr. Coffey harassed him because of his sex.

46. The harassment created a hostile work environment for Plaintiff.

47. As a direct and proximate cause of the hostile work environment, Plaintiff has suffered damages and is entitled to relief set forth in the Prayer for Relief below.

### Count II – Retaliation in violation of Title VII

48. All allegations prior to Count I are reallaged and incorporated herein.

49. Plaintiff engaged in protected activity by opposing Defendant's unlawful sexual harassment and hostile work environment and by filing a complaint with Supervisor Hughes and Human Resources.

50. Defendant then took an adverse employment action by demoting, transferring and terminating Plaintiff's employment.

51. Defendant took the adverse employment action because of Plaintiff's protected activity.

52. As a direct and proximate cause of Defendant's unlawful retaliation, Plaintiff has suffered damages and is entitled to relief set forth in the Prayer for Relief below.

### Count III – Discrimination in violation of the ADAAA

53. All allegations prior to Count I are reallaged and incorporated herein.

54. At all times relevant to this action, Plaintiff was and is a qualified individual with a disability within the meaning of the ADAAA in that Plaintiff was and is capable of performing all essential functions of his employment position with or without a reasonable accommodation.

55. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

56. Defendant terminated Plaintiff because of his disability.

57. Defendant's discharge of Plaintiff because of his disability constitutes discrimination against Plaintiff with respect to the terms, privileges, conditions of his employment.

58. As a direct and proximate cause of Defendant's unlawful termination of Plaintiff, he has suffered damages and is entitled to relief set forth in the Prayer for Relief below.

## Count IV – Failure to accommodate in violation of the ADAAA

59. All allegations prior to Count I are reallaged and incorporated herein.

60. At all times relevant to this action, Plaintiff was and is a qualified individual with a disability within the meaning of the ADAAA in that Plaintiff was and is capable of performing all essential functions of his employment position with or without a reasonable accommodation.

61. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

62. Plaintiff requested leave as an accommodation due to his own disability.

63. Defendant failed to engage in the required interactive process of evaluating and responding to Plaintiff's request to accommodate his disability, failed to

establish that the requested accommodation was an undue hardship, and failed to reasonably accommodate Plaintiff's disability.

64. As a direct and proximate cause of Defendant's failure to accommodate Plaintiff, he has suffered damages and is entitled to relief set forth in the Prayer for Relief below.

## Count V – Retaliation in violation of the ADAAA

65. All allegations prior to Count I are reallaged and incorporated herein.

66. Plaintiff engaged in protected activity by requesting a reasonable accommodation.

67. Defendant retaliated against Plaintiff by terminating his employment.

68. As a direct and proximate cause of Defendant's retaliation, Plaintiff has suffered damages and is entitled to relief set forth in the Prayer for Relief below.

## Count VI – FMLA Interference

69. Plaintiff was eligible for FMLA leave.

70. Plaintiff was entitled to FMLA leave.

71. Plaintiff gave Defendant proper notice of his need for leave.

72. Defendant improperly refused to grant FMLA leave to Plaintiff.

73. Defendant's improper refusal to grant FMLA leave caused Defendant to unlawfully terminate Plaintiff.

74. As a direct and proximate cause of Defendant's unlawful denial of Plaintiff's FMLA rights, he has suffered damages and is entitled to relief set forth in the Prayer for Relief below.

### Count VII – Retaliation in Violation of the FMLA

75. All allegations prior to Count I are reallaged and incorporated herein.

76. Plaintiff was eligible for FMLA leave.

77. Plaintiff was entitled to FMLA leave.

78. Plaintiff engaged in protected activity by requesting FMLA leave.

79. Defendant took an adverse employment action by terminating Plaintiff.

80. Defendant took the adverse employment action because of Plaintiff's protected activity.

81. As a direct and proximate cause of Defendant's retaliation, Plaintiff has suffered damages and is entitled to relief set forth in the Prayer for Relief below.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests:

(a) That process issue and that this Court take jurisdiction over the case;

(b) Judgement against Defendant in the amount of Plaintiff's back wages and back benefits, front-pay, compensatory damages, including emotional distress damages, in an amount to be proved at trial, liquidated damages, punitive damages, and prejudgment interest thereon;

(c)     All costs and reasonable attorney's fees in litigating this matter (including expert fees); and

(d)     For such further relief as this Court deems just and equitable.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all triable issues herein.

Respectfully submitted this 8th day of June, 2022 by:

/s/ Jason B. Woodside
Jason B. Woodside, Esq.
FL Bar No. 104848
Woodside Law, P.A.
100 South Ashley Drive
Suite 600
Tampa, FL 33602
T: (813) 606-4872
F: (813) 333-9845
Email: Jason@woodsidelawpa.com
*Trial Counsel for Plaintiff*
